# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JASON WILSON, et al., individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>FCA US LLC and STELLANTIS N.V.,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:22-CV-447<br>§ Judge Mazzant<br>§<br>§<br>§<br>§<br>§ |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant FCA US LLC's Motion to Dismiss Plaintiffs' Class Action Complaint (Dkt. #10). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

### BACKGROUND

The case arises out of an alleged defect of the 2017–18 Ram 2500 and 3500 vehicles ("Class Vehicles") (Dkt. #1 at p. 1). Specifically, Plaintiffs Jason Wilson, Patrick Krenek, and Donald Akridge (collectively, "Wilson") allege that the Class Vehicles contain "dangerous and defective" hydraulic control units and anti-lock braking system ("ABS") modules because of defective materials used, and as a result, these defects cause the ABS, cruise control, and traction control systems to become inoperable to the driver (Dkt. #1 at p. 1).

On May 26, 2022, Wilson filed this putative class action lawsuit against Defendants FCA US LLC and Stellantis N.V. (collectively, "FCA US"), seeking to certify a class action on behalf of themselves and other Texas residents who have purchased or leased the Class Vehicles in the United States and its territories (Dkt. #1 at p. 21). Wilson asserts the following three claims: (1) a

breach of the implied warranty of merchantability; (2) fraud, specifically through a theory of omission-based fraud; and (3) unjust enrichment (Dkt. #1 at pp. 25–30).

On July 22, 2022, FCA US filed the pending motion, requesting the Court to dismiss all three of Wilson's claims under Rule 12(b)(6) (Dkt. #10). On August 19, 2022, Wilson filed a response (Dkt. #16). On September 2, 2022, FCA US filed its reply (Dkt. #20).

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). A court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

II. **Federal Rule of Civil Procedure 9(b)**

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). However, when a plaintiff is alleging

3

an omission of facts, Rule 9(b) typically only requires that a party plead the "type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004). The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186.

Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

After a careful review of the complaint and the arguments presented in the pending motion, the Court finds that the substantive issues raised are better suited for the class certification stage.[1] Wilson has properly satisfied the relevant standards by stating plausible claims against FCA US upon which relief could be granted. Accordingly, the pending Motion to Dismiss should be denied.

---

[1] The Court comes to the same conclusion regarding the claim that "the Court lacks personal jurisdiction over FCA US with respect to absent class members who purchased vehicles in other states" (Dkt. #10 at p. 18). A "nonnamed class member" is not a party to the class-action litigation before the class is certified. *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011). This means that there is no current justiciable controversy between FCA US and the unnamed plaintiffs. *See Gordon v. Sig Sauer, Inc.*, No. H-19-585, 2019 WL 4572799, at *8 (S.D. Tex. Sept. 20, 2019); *In re Checking Acct. Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015). Therefore, the Court will not render a decision on personal jurisdiction as to the unnamed plaintiffs at this time.

## CONCLUSION

It is therefore **ORDERED** that Defendant FCA US LLC's Motion to Dismiss Plaintiffs' Class Action Complaint (Dkt. #10) is hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 2nd day of March, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE