UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JASON WILSON, PATRICK KRENEK, DONALD AKRIDGE, TIM VANGEE, LESLIE DALY, JOSEPH BASS, JAMES NEU, and CHRISTOPHER ADAMS, individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>FCA US LLC,<br><br>*Defendant*. | § § § § § § § § § § § § § § § §   Civil Action No. 4:22-cv-00447<br><br>Hon. Amos L. Mazzant |

## FINAL APPROVAL ORDER

Before the Court is Plaintiffs' Motion for Final Approval of Settlement (the "Motion" - Dkt. #65) requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiffs Jason Wilson, Patrick Krenek, Donald Akridge, Tim VanGee, Leslie Daly, Joseph Bass, James Neu, and Christopher Adams ("Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Defendant FCA US LLC ("FCA US") as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Motion, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Approval Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate, and in the best interests of the Settlement Class members;

**IT IS ON THIS 11th day of April, 2025,**

**ORDERED** that:

1.  Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them in the Settlement Agreement.

2.  The Settlement does not constitute an admission of liability by FCA US and the Court expressly does not make any finding of liability or wrongdoing by FCA US.

3.  On July 15, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs as the Class Representatives and Ben Barnow and Anthony L. Parkhill of Barnow and Associates, P.C., Stephen R. Basser of Barrack, Rodos & Bacine, and Bruce W. Steckler of Steckler Wayne & Love, PLLC as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Claims Administrator; and (g) set the date for the Final Approval Hearing.

4. On January 3, 2025, the Court approved the Parties' Addendum to Settlement Agreement and revised notice documents.

5. In the Preliminary Approval Order, Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> All current owners or lessees of a Model Year 2017-2018 DJ Ram 2500 / D2 Ram 3500 / DD Ram 3500 Cab Chassis / DF Ram 3500 10K LB. Cab Chassis / DX Ram Cab Chassis / DP Ram 4500/5500 built between April 1, 2017 and December 29, 2018. For purposes of this definition, "current owners or lessees" are owners or lessees of a Class Vehicle on or after November 1, 2023.

Excluded from the Settlement Class are FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*i.e.*, salvage or junkyard vehicles) (subject to verification through Carfax or other means); and any judge to whom the Action is assigned, his or her spouse; and individuals and/or entities who validly and timely opt-out of the settlement.

6. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a. NHTSA Recall No. 24V-896, which will allow Settlement Class members to obtain installation of a new Brake HCU component.

    b. A process by which Settlement Class members can submit claims to receive reimbursement for a repair relating to the replacement of a Brake HCU component.

    c. A process by which Settlement Class members can submit claims to receive reimbursement for rental vehicle costs while obtaining repairs or replacements of a Brake HCU component.

    d. All costs of class notice and claims administration will be paid by FCA US.

    e. Service Awards in the amount of $3,000 to each Class Representative, and any benefits provided to Settlement Class members and separate from any payment for attorneys' fees, costs, and expenses.

    f. FCA US to pay the Court-approved attorneys' fees, costs, and expenses separate from any Service Awards to the Class Representatives.

7. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

8. Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Reimbursement of Costs and Expenses, and Service Awards have been provided to Settlement Class members as directed by this Court's orders.

9. The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

10. As of the final date and time for opting out of the settlement, eight Settlement Class members have submitted a valid request to be excluded from the settlement. The names of

those persons are set forth in **Exhibit A** to this Order. Those persons are not bound by this Final Approval Order, as set forth in the Settlement Agreement.

11.     Zero objections were filed in this matter. Having considered the objections, the Court overrules and denies all objections in all respects. The Court finds no reason to delay entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

12.     The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.     Pursuant to the Settlement Agreement, FCA US and the Settlement Administrator shall implement the settlement in the manner and timeframe as set forth herein.

14.     As of the Effective Date, the Plaintiffs named in the Settlement Agreement and Release and every Settlement Class member (except those who timely opted out) will be irrevocably release, waive, and discharge any and all past, present, and future Released Claims against Releasees. These include, by way of example, claims and/or demands for damages, costs, attorneys' fees, losses, that have been brought or could have been brought, whether known or unknown, existing or potential, or suspected or unsuspected, whether or not specifically named herein, asserted or unasserted, under or pursuant to any statute, regulation, common law, or equitable principle, and all legal claims of whatever type or description arising out of, that may have arisen as a result of, or which could have been brought based on, any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters pleaded in any complaint filed in the Action. The Settlement Agreement and Release do

not release claims for death, personal injuries, damage to tangible property other than a Class Vehicle, or subrogation.

15. Plaintiffs and Settlement Class members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and Settlement Class members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. Plaintiffs and the Settlement Class members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiffs and the Settlement Class members fully, finally, and forever settle and release the Released Claims against the Releasees.

16. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

17. Released Claims shall not include the claims of those persons identified in **Exhibit A** to this Order who have timely and validly requested exclusion from the Settlement Class.

18. The matter is hereby dismissed with prejudice and without costs, except that the Court reserves jurisdiction over the consummation and enforcement of the settlement.

19. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

**IT IS SO ORDERED.**

**SIGNED this 11th day of April, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| Number | Excluded Person |
|--------|-----------------|
| 1 | Erick Aguirre Romero |
| 2 | Eric McClenethan |
| 3 | Tony L. Stephanus |
| 4 | Lucas Paul Stephanus |
| 5 | Eliazar Cabrera |
| 6 | Sergio Vazquez Montero |
| 7 | Ivan Blair Brownell |
| 8 | Michael Ritterbeck |